[Cite as *State v. Peoples*, 2019-Ohio-2141.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-850 |
| v. | : | (C.P.C. No. 01CR-4150) |
| David A. Peoples, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 30, 2019

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Kimberly M. Bond,* for appellee.

**On brief:** David A. Peoples, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1}  Defendant-appellant, David A. Peoples, appeals a decision from the Franklin County Court of Common Pleas, issued October 10, 2018, denying his renewed motion to vacate void sentence. For the following reasons we reverse the trial court's decision and remand this matter to the to the trial court with instructions.

I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  On July 20, 2001, Peoples was indicted on one count of aggravated murder, in violation of R.C. 2903.01, a felony in the first degree, with two firearm specifications in violation of R.C. 2941.145 and 2941.146, and one count of having a weapon while under disability. With respect to the first firearm specification, R.C. 2941.145, Plaintiff-appellee, State of Ohio, alleged that Peoples displayed, brandished, indicated possession of, or used

No. 18AP-850

a firearm to commit the offense. With respect to the second firearm specification, R.C. 2941.146, the state alleged that Peoples discharged a firearm from a motor vehicle when he committed the underlying offense.

{¶ 3} The case was tried to a jury on June 27, 2002, and the jury found Peoples guilty of aggravated murder and the two firearm specifications. The court sentenced Peoples to a term of 25 years to life imprisonment on the aggravated murder charge, plus 6 years for R.C. 2941.146 firearm specification, and three years on the R.C. 2941.145 firearm specification, for a total of 34 years. The trial court imposed consecutive sentences on the counts.

{¶ 4} The conviction and sentence were affirmed on appeal. *See State v. Peoples*, 10th Dist. No. 02AP-925, 2003-Ohio-4680.

{¶ 5} On April 16, 2008, the trial court issued a corrected judgment entry because the original judgment entry erroneously indicated that prison was not mandatory. In the corrected judgment entry, the court imposed the same sentence, including a six-year sentence for the drive-by firearm specification.

{¶ 6} Since that time, Peoples has filed various pleadings in the trial court. Relevant to this appeal, however, on March 20, 2017, Peoples filed a motion to vacate his sentence, arguing that the trial court improperly imposed a period of post-release control on his aggravated murder conviction. The court denied that motion on April 6, 2017. Peoples then filed another motion on June 26, 2017, requesting to amend his March motion, which had already been denied. Peoples sought to amend the motion to argue that the six-year term for the drive-by specification was invalid. In its response to the motion to amend, the state agreed that the drive-by specification, R.C. 2941.146, mandated a five-year term, not a six-year term. On August 3, 2017, the trial court denied the motion.

{¶ 7} Peoples filed a motion to vacate void sentence on August 7, 2017, again arguing that the six-year term imposed for the drive-by specification was void. Peoples filed a supplemental memorandum in support of this motion on September 1, 2017.

{¶ 8} On October 10, 2018, the trial court denied the motion. Peoples now appeals the trial court's denial of that motion.

No. 18AP-850

{¶ 9} The state concedes that a limited remand is appropriate because R.C. 2941.146 provides that the prison time for a drive-by specification is five years. The state argues that Peoples is not entitled to a de novo resentencing, though.

## II. ASSIGNMENT OF ERROR

{¶ 10} Peoples argues one assignment of error:

> The trial court erred when it sentenced the appellant to a void sentence of (6) six years on a drive by shooting gun specification in violation of Ohio Revised Code 2929.14(B)(1)(c)(i) that is void and contrary to law.

## III. LAW AND ANALYSIS

{¶ 11} R.C. 2941.146 and 2929.14(B)(1)(c)(i) both provide for the imposition of a "mandatory five-year prison term" where an offender has committed a "felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another and that was committed by discharging a firearm from a motor vehicle other than a manufactured home." R.C. 2941.146(A). This includes aggravated murder because a person is guilty of aggravated murder under R.C. 2903.01 if he "purposely, and with prior calculation and design, cause[s] the death of another." At the time of the offense, and at all times since the enactment of the legislation, R.C. 2941.146 and 2929.14(B)(1)(c)(i)[1] have imposed a five-year prison term for a drive-by specification.

{¶ 12} The current version of R.C. 2929.14(B)(1)(c)(i) provides:

> *** if an offender who is convicted of or pleads guilty to *** a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another, also is convicted of or pleads guilty to a specification of the type described in division (A) of section 2941.146 of the Revised Code that charges the offender with committing the offense by discharging a firearm from a motor

---

[1] At the time of the offense and original sentence, this provision was R.C. 2929.14(D)(1)(c). It has been amended several times, but it has always provided for a mandatory five-year term on a drive-by firearm specification. In 2011 H.B. No. 86, this provision became 2929.14(B)(1)(c). In 2015 S.B. No. 97, this provision became 2929.14(D)(1)(c)(i).

No. 18AP-850

> vehicle other than a manufactured home, the court, after imposing a prison term on the offender for the violation of section 2923.161 of the Revised Code or for the other felony offense under division (A), (B)(2), or (B)(3) of this section, shall impose an additional prison term of five years upon the offender that shall not be reduced pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code.

{¶ 13} Neither party disputes that Peoples was sentenced to a term of six years on the drive-by firearm specification, R.C. 2941.146, and that such a sentence is unlawful. Thus, the six-year sentence for a violation of R.C. 2941.146 is void. *See State v.* Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, ¶ 7 ("Where a trial court fails to impose a sentence in accordance with statutorily mandated terms, it is void.") (citations omitted); State *v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 8 ("[A] sentence that is not in accordance with the statutorily mandated terms is void."); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, ¶ 14 ("It is a longstanding principle that an offender's sentence that does not properly include a statutorily mandated term is contrary to law."), citing *Colegrove v. Burns*, 175 Ohio St.3d 437 (1964); S*tate v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 14 ("[T]his court has held consistently that a sentence that does not contain a statutorily mandated term is a void sentence."), citing *State v. Beasley*, 14 Ohio St.3d 74 (1984), superceded by statute on other grounds.

{¶ 14} Pursuant to R.C. 2929.14(C)(1)(a), Peoples has already served his term for both firearm specifications. That provision states:

> Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of

No. 18AP-850

> mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

Nonetheless, Peoples has not completed his overall prison sanction. Pursuant to *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 18, "when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified." It is of no consequence that Peoples raises this argument by way of a collateral attack. As Supreme Court of Ohio has confirmed "void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *Fisher* at ¶ 40. Nonetheless, this principle applies narrowly, only to the void sentence. The *Fisher* Court went on to "hold that although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.*

{¶ 15} Peoples has appealed from a decision denying his motion to vacate a void sentence. Because we agree that Peoples' sentence under R.C. 2941.146 is void, we sustain his sole assignment of error. We reverse the trial court's denial of Peoples' August 7, 2017 motion to vacate, and we remand this matter to the trial court with instructions to vacate Peoples' six-year sentence on the R.C. 2941.146 firearm specification and resentence Peoples to the statutorily mandated five-year term for that specification. Peoples' three-year sentence on the R.C. 2941.145 firearm specification and his sentence on the underlying aggravated murder conviction remain unchanged. The computation of the start of his

No. 18AP-850

sentence on the aggravated murder conviction should be adjusted to reflect the one-year

reduction in his sentence on the R.C. 2941.146 firearm specification.

*Judgment reversed and remanded with instructions.*

BRUNNER and NELSON, JJ., concur.

———————————