[Cite as *State v. Peoples*, 2020-Ohio-4116.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No.19AP-599 |
| v. | : | (C.P.C. No. 02CR-4939) |
| David A. Peoples, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 18, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *David A. Peoples,* pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, David A. Peoples, appeals the decision of the Franklin County Common Pleas Court denying his motion for jail-time credit. For the foregoing reasons, we affirm.

{¶ 2} On July 19, 2004, Peoples entered a plea of guilty and was sentenced to a term of 13 years' incarceration for involuntary manslaughter with a firearm specification in this case. His sentence was to be served "consecutivley [sic] to Case No. 01CR-4150 and consecutivley [sic] to Federal Case No. CR-2-00-197." (July 22, 2004 Jgmt. Entry.) The court's order reflects the fact that at the time of his plea and sentence in this case, Peoples had already been convicted of aggravated murder with firearm and drive-by shooting

specifications in his earlier Franklin County case. Peoples was also incarcerated on separate charges in West Virginia at that time, and remained incarcerated on other charges including federal charges at all points prior to his plea and conviction in this case.

{¶ 3} On June 13, 2008, Peoples filed a "motion for correction of jail time credit" in this case. He claimed he was "sentenced on 19[th] day [of] July, 2004" and was "transported to prison on the 26[th] of March, 2008," but was not credited for any days of incarceration against his sentence in this case by the Ohio Department of Rehabilitation and Correction. Although his 2008 motion did not specify how many credit days he believed he was entitled to, it appears he may have been requesting credit for all days between July 19, 2004 and March 26, 2008. On July 10, 2008, the trial court overruled that motion. Although he appealed that decision denying him jail-time credit in this case, that appeal was dismissed for failure to file a brief. (*See State v. Peoples*, 10th Dist. No. 08AP-671 (Nov. 18, 2008 Journal Entry of Dismissal).)

{¶ 4} On August 13, 2019, Peoples filed the motion for jail-time credit that forms the basis of this appeal. Peoples claimed that he "was delivered into the custody of the State of Ohio to begin serving his sentence in this case on the 14th day of March, 2008." (Aug 13, 2019 Def's. Mot. at 2.) Plaintiff-appellee, State of Ohio, disagrees with that characterization, stating that "[i]t appears that in March of 2008 defendant completed his federal sentence and began serving his sentence in 01CR-4150." (Aug. 16, 2019 Pl.'s Memo in Opp. at 1.) In any event, based on this court's decision in *State v. Peoples*, 10th Dist. No. 18AP-850, 2019-Ohio-2141 (*Peoples I*), Peoples now argues he is entitled to 4255 days of jail-time credit in Franklin C.P. No. 02CR-4939. In *Peoples I*, this court determined that the six-year term of incarceration imposed in Franklin C.P. No. 01CR-4150 for a firearm specification was void, and remanded the case for resentencing "to the statutorily mandated

five-year term" on that specification. *Id.* at ¶ 15. The court held that "[t]he computation of his start of the sentence on the aggravated murder conviction should be adjusted to reflect the one-year reduction in his sentence on the R.C. 2941.146 firearm specification." *Id.* As a result of *Peoples I,* he has now been ordered to serve an aggregate term of 33 years to life in Franklin C.P. 01CR-4150. And based on the Franklin C.P. No. 02CR-4939 sentencing entry, his 13-year term of sentence in this case is to be served consecutively to that 33 years to life aggregate term.

{¶ 5} Peoples' current motion and appeal asserts that as a result of this court's decision in *Peoples I,* his entire sentence in Franklin C.P. No. 01CR-4150 was deemed void. Peoples therefore argued that "[t]he only time the Defendant could have been serving since March 14, 2008 was the prison sanction imposed in the Case above." (Aug. 13, 2019 Def's. Mot. at 2.) The state correctly observed that Peoples' motion was "apparently arguing that the days previously served in [01CR-4150] should now be credited to 02CR-4939 because his sentence [in 01CR-4150] was partially void." (Aug. 16, 2019 Pl's. Memo in Opp. at 2.) The trial court denied his motion on August 29, 2019.

{¶ 6} This appeal followed, and Peoples asserts a single assignment of error: "The trial court erred when it sentenced the appellant without giving him any jail-time credit pursuant to O.R.C. § 2929.19(B)(2)(h)(i)." His argument on appeal is twofold: first, he argues he was entitled to jail-time credit at the time he was sentenced, and second, he argues he is entitled to credit in this case for the time he has spent incarcerated on Franklin C.P. No. 01CR-4150. Neither contention has merit.

{¶ 7} As to his first argument, Peoples has wholly failed to demonstrate that he was incarcerated solely on this case during the time he was detained. In fact, based on our understanding of the record it would be impossible for him to do so—as noted above, the

only available information indicates that he was detained out of state on federal charges during the entire time this case was pending in the trial court. "[T]he award of jail-time credit on a particular case is based only on jail detention 'arising out of the offense for which the prisoner was convicted.' " *State v. Churchill*, 10th Dist. No. 16AP-763, 2017-Ohio-2875, ¶ 16, quoting R.C. 2967.191. "The statute therefore 'requires a connection between the jail-time confinement and the offense upon which the defendant is convicted.' As a result, '[t]here is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter.' " *State v. Doyle*, 10th Dist. No. 12AP-567, 2013-Ohio-3262, ¶ 20, quoting *State v. Thomas*, 10th Dist. No. 12AP-144, 2012-Ohio-4511, ¶ 6, and *State v. Hunter*, 10th Dist. No. 08AP-183, 2008-Ohio-6962, ¶ 20. Because Peoples was not detained prior to his Franklin C.P. No. 02CR-4939 sentencing for reasons solely "arising out of the offense" for which he was convicted, he was not entitled to an award of jail-time credit at the time he was sentenced.

{¶ 8} His second argument—while creative—fails for the same reason. As indicated, the record suggests that since 2008 Peoples has been serving a gun specification and an indefinite term on Franklin C.P. No. 01CR-4150, because his term in this case was ordered to be served consecutively to Case No. 01CR-4150. And as this court held in *Peoples I*, his "three-year sentence on the R.C. 2941.145 firearm specification and his sentence on the underlying aggravated murder conviction [in Franklin C.P. No. 01CR-4150] remain unchanged." *Peoples I* at ¶ 15. Based on the information we have, it seems that Peoples has never been incarcerated for reasons solely "arising out of [this] offense"; in fact, given the length of incarceration involved, we think it unlikely that Peoples has even begun serving the 13-year sentence on this case, and he has certainly not demonstrated he is entitled to jail-time credit for that sentence. (Aug. 16, 2019 Pl's Memo. in Opp. at 3.)

**{¶ 9}** For these reasons, Peoples' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas denying his motion for jail-time credit is affirmed.

*Judgment affirmed.*

SADLER, P.J., and KLATT, J., concur.

———————————