[Cite as *State v. Griffin*, 2021-Ohio-4092.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| State of Ohio, | : | | |
| | | Nos. | 21AP-298 |
| Plaintiff-Appellee, | : | | 21AP-299 |
| | | | 21AP-300 |
| v. | : | | 21AP-301 |
| | | (C.P.C. Nos. | 12CR-2434, 12CR-470 |
| Calvin M. Griffin, | : | | 12CR-1407, 12CR-1543) |
| Defendant-Appellant. | : | (ACCELERATED CALENDAR) | |

D E C I S I O N

Rendered on November 18, 2021

**On brief**: *Janet Grubb*, First Assistant Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief**: *Calvin M. Griffin*, pro se.

APPEALS from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Proceeding on his own behalf, Calvin M. Griffin appeals from the trial court's March 9, 2021 denial of his motion for jail-time credit in connection with four cases in which he was sentenced at the same time. He asks that we either order the trial court to issue new sentencing entries in each of the four cases specifying that he is due 203 days of jail-time credit separately and together, or that we direct the trial court "to issue a new judgment entry for case no. 12CR-2434 crediting [him] with 203 days of jail time credit" and to notify the Ohio Department of Rehabilitation and Correction ("ODRC") of that credit. August 23, 2021 Appellant's Brief at 11-12. Based on the record in these cases as somewhat illuminated by the state's response to Mr. Griffin's appeals, we will adopt his second recommendation.

{¶ 2}    As noted by the state, case No. 12CR-2434 was a reindictment "for the same offenses set forth in No. 10CR-3850," but with an additional specification added. Appellee's Brief at 1.   That is, the facts underlying 12CR-2434 were not separate and distinct from those underlying the 2010 case.  *Compare* R.C. 2967.191(A) ("department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced").  While that matter was pending, Mr. Griffin was indicted in the additional three cases.  *Id.*

{¶ 3}    Upon adjudication, the trial court sentenced Mr. Griffin to prison in each of the four cases on August 20, 2012.  Those sentences were:

> **12CR-2434** (felonious assault, with specification):  4 years in prison on the felonious assault, consecutive to 5 years on the specification and to the 1-year sentence on the specification in 12CR-470.  "Total incarceration [for those two cases] is Ten (10) years." The court accorded 20 days jail time credit on this case.  August 10, 2012 Judgment Entry, 12CR-2434.
>
> **12CR-470** (carrying a concealed weapon; improper handling of firearms in a motor vehicle; possession of cocaine, with specification; having a weapon while under disability): concurrent prison sentences on the respective counts of 12 months, 12 months, 4 years, and 3 years, consecutive to 1 year on the specification and to the 5-year specification in 12CR-2434.  "Total incarceration [for the two cases] is Ten (10) years."  The court gave no days of jail time credit in this case. August 10, 2012 Judgment Entry, 12CR-470.
>
> **12CR-1407** (possession of cocaine):  12 months in prison, "to be served concurrently to all other cases and specifications." The court accorded no days of jail credit on this case. August 10, 2012 Judgment Entry, 12CR-1407.
>
> **12CR-1543** (possession of cocaine):  12 months in prison, "to be served concurrently to all other cases and specifications." On this case, the court awarded 183 days of jail credit. August 10, 2012 Judgment Entry, 12CR-1543.

{¶ 4}    Mr. Griffin filed his Motion for Jail-Time Credit with the trial court under each of the four case numbers on March 9, 2021, asking that he be given credit for an additional 184 days in each case.  The state responded by noting, among other things, that

"defendant is not entitled to identical jail credit in each criminal case.  Jail-time credit is calculated on a case-by-case basis."  April 15, 2021 State's Memorandum Contra Defendant's Motions for Jail-Time Credit at 2, citing *State v. Peoples*, 10th Dist. No. 19AP-599, 2020-Ohio-4116, ¶ 7.  As to the facts, the state concluded:  "Ultimately, this [trial] [c]ourt has access to probation records, transcripts and other internal documents that might shed more light on the allocation of credit that occurred in 2012.  However, at this point, defendant has not shown any error in the calculation or allocation of jail credit."  *Id.* at 2-3.

{¶ 5}  The trial court does not seem to have taken the state up on its suggestion to review available records that might easily answer the credit allocation question.  Its one-sentence analysis that "[t]he Defendant has failed to show there was an error in calculation or allocation of jail time credit" does not in any way explain or explicitly assess what credit was given in what case and whether that allocation was appropriate.  May 14, 2021 Decision and Entry Denying Defendant's Motion for Jail Time Credit.  Without citation to any of the transcripts in the record or to any other materials beyond the motion and the state's response, the trial court denied Mr. Griffin's motion as not well taken.  *Id.*

{¶ 6}  On appeal, Mr. Griffin posits three assignments of error:  that the trial court abused its discretion in denying the motion without first permitting the release of the sentencing transcripts; that the trial court denied equal protection in dismissing the motion; and that denial of the motion constituted an abuse of discretion and plain error.  Appellant's Brief at 4.  "[W]e review the denial of appellant's motion to correct jail-time credit under an abuse-of-discretion standard.  An abuse of discretion occurs when a trial court's decision is 'unreasonable, arbitrary or unconscionable.' "  *State v. Dean*, 10th Dist. No. 14AP-173, 2014-Ohio-4361, ¶ 5, quoting *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 7}  Beyond a mistaken argument that all the jail-time credit for each case needed to be aggregated and the total applied to each case, the gravamen of Mr. Griffin's submission to us is that the trial court improperly credited to the one-year sentence in case 12CR-1543 some 183 days that should have been credited against the sentence in case 12CR-2434.  *See, e.g.,* Appellant's Brief at 6 ("because the trial court's judgment entry ordered some of the charges in case no. 2434 to be served consecutively and awarded only 20 days

of jail time credit therein, the Appellant is receiving credit for only 20 days, thereby requiring him to twice serve the other 183 days spent in custody"), 10 (trial court had duty to credit 203 days in each case, "or to credit case no. 2434[,] as it appears to be the controlling entry on jail time credit [at this juncture], with 203 days of jail-time credit."

{¶ 8}    The state raises no affirmative defense or other procedural bar to Mr. Griffin's argument, but submits in effect that the trial court's 2012 allocation of jail-time credit was proper and comported with discussions at the sentencing hearing. *See* Appellee's Brief at 5 ("defendant would have received a total of 203 days of credit against his aggregate 10-year sentence. That credit was discussed and it appears that the parties agreed to that calculation and allocation at sentencing"); *see also* R.C. 2929.19(B)(2)(h)(iii) (regarding continuing trial court jurisdiction to calculate jail-time credit). The state does add that as to any issue regarding 12CR-470 or 12CR-1407, "the issue is moot as those sentences have expired." *Id.* at 7.

{¶ 9}    The state's impression that Mr. Griffin "received a total of 203 days credit against his aggregate 10-year sentence"—which is not a formulation that the sentencing entries adopted or that case-by-case assessment would counsel—appears based on a confusion of the case numbers. "In case 12CR-1543, defendant was awarded 183 days of credit against his aggregate nine-year sentence in that case," the state argues. *Id.* at 5. But the sentence in 12CR-1543 was *not* the nine-year sentence. The sentence in 12CR-1543 was for one year. The nine-year sentence, to which the state may (correctly) think the 183-day credit should have attached, was in the felonious assault case 12CR-2434.

{¶ 10} Our suspicion that the state has its case numbers confused is further borne out by the state's later proposition that "[d]efendant was not entitled to 183 days of credit in [the 470 and 1407 cases] because **he was being held on the felonious assault charge** in 12CR-1543." *Id.* at 6 (emphasis added), citing Aug. 8, 2012 Tr. at 19. Again, 12CR-1543 was not the felonious assault case, but rather a possession of cocaine case. The felonious assault case was 12CR-2434.

{¶ 11} And review of the transcript page to which the state cites from the sentencing hearing confirms that the state means to say Mr. Griffin was being held on the felonious assault case (12CR-2434), and indicates that the briefing reference to 12CR-1543 (a drug case) is mistaken. At the page from the sentencing transcript to which the state directs us,

the assistant prosecutor is recorded as saying that Mr. Griffin should not get credit in another case because "I believe he would have *already been in on this felonious assault* by then even."  Aug. 8, 2012 Tr. at 19 (emphasis added).

{¶ 12} Study of other transcripts readily available in the records of these cases further reflects that Mr. Griffin is due the credit he seeks in 12CR-2434, the felonious assault case.  Mr. Griffin had been out on bond in the 2010 predecessor to that case (10CR-3850).  When after a second capias he turned himself in on February 7, 2012, he seems from the record available in the cases below to have been detained without bond.  *See, e.g.*, May 14, 2012 Tr. at 7 (state argues: "As to bond, these three new cases that [the prosecutor] has were all committed while he was out on bond on my case [10CR-3850], so he's a bad candidate for bond since he's committed additional crimes during that time"), 9-10 (trial court observes:  "I don't know whether he's going to be convicted or not, but he's got a felonious assault with specifications. * * * *  [T]hat's just the first case. * * * * No, I don't think bond is a good idea.  There have been two capiases. * * * * No, I'm not going to consider any bond"); *see also, e.g.*, May 21, 2012 Tr. at 4 (Mr. Griffin:  "I'm sitting with no bond, but it's awful funny that this is my first violent apparently"), 6-7 (trial court notes capiases "on the original case" and says: "You picked up three new cases.  I don't give a bond when you're picking up new cases").

{¶ 13} Every available indication is that Mr. Griffin is owed another 183 days of jail-time credit in 12CR-2434, the successor to 10CR-3850.  That time does not appear to overlap with the 20 days for which he already has been credited in that case,  *see, e.g.*, Aug. 8, 2012 Tr. at 16 (counsel says "he was in and out like three times" early on in the 10CR-3850 proceedings, with that time amounting to about 20 days, for a 203-day total), and the state is correct in effectively conceding that the resulting 203-day total (not including post-sentence transport time) is not in real dispute, *see* Appellee's Brief at 5 ("defendant would have received a total of 203 days of credit against his aggregate 10-year sentence").

{¶ 14} Thus, the state's brief is correct to imply that the 183-days credit at issue should attach to the felonious assault case, and once the case number confusion is cleared away, the brief all but concedes Mr. Griffin's point:  The import of the state's argument is that Mr. Griffin is entitled to the alternative relief he seeks.  *See* Appellee's Brief at 6 (urging,

with emphasis in the original, that "jail-time credit is calculated on a case-by-case basis" and that credits should not be allocated to a case "where the offender had been confined on *unrelated* charges"). The fact that the sentencing entry for the one-year concurrent sentence in 12CR-1543 accorded Mr. Griffin 183 days of jail credit does not mean that he should not receive that credit in the 12CR-2434 felonious assault case (for which he apparently had been confined from February 7 through the August 8, 2012 sentencing date). Nor, contrary to the state's argument, does it mean that Mr. Griffin has already "received a total of 203 days of credit against his aggregate 10-year sentence." *Compare id.* at 5.

{¶ 15} Therefore, in 12AP-298 (the appeal from the denial of Mr. Griffin's jail-time credit motion in 12CR-2434), we sustain Mr. Griffin's third assignment of error, rendering moot the other two assignments. We adopt the "alternative" remedy that Mr. Griffin proposes and remand 12CR-2434 to the trial court so that it may issue a new entry or entries in that case granting Mr. Griffin's motion and specifying a total of 203 days jail-time credit up to August 8, 2012, while also either noting the proper number of days for post-sentence transport time or providing that ODRC is to calculate that transport time. The trial court should communicate such entry or entries with their addition to jail-time credit to the proper authorities at ODRC (and, we trust, will do so in a timely fashion to allow the department to make any appropriate re-calculation of Mr. Griffin's release date before any such new date arrives). Our decision in 21AP-298 moots Mr. Griffin's other appeals on this issue, and we dismiss the appeals in case Nos. 21AP-299, 21AP-300, and 21AP-301 as moot.

*Judgment reversed in 21AP-298; 21AP-299, 21AP-300, and 21AP-301 dismissed as moot.*

KLATT and BEATTY BLUNT, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____