[Cite as *State v. Peoples*, 2024-Ohio-1220.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-374 |
| v. | : | (C.P.C. No. 01CR-4150) |
| David A. Peoples, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 29, 2024

**On brief:** *Janet A. Grubb*, [First Assistant Prosecuting Attorney], and *Kimberly M. Bond*, for appellee.

**On brief:** *David A. Peoples*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, David A. Peoples, appeals the Franklin County Court of Common Pleas decision and entry denying his motion for resentencing. For the following reasons we affirm the trial court's judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} We have previously recounted the history of this case as follows:

On July 20, 2001, Peoples was indicted on one count of aggravated murder, in violation of R.C. 2903.01, a felony in the first degree, with two firearm specifications in violation of R.C. 2941.145 and 2941.146, and one count of having a weapon while under disability. With respect to the first firearm specification, R.C. 2941.145, Plaintiff-appellee, State of Ohio, alleged that Peoples displayed, brandished, indicated possession of, or used a firearm to commit the offense. With

respect to the second firearm specification, R.C. 2941.146, the state alleged that Peoples discharged a firearm from a motor vehicle when he committed the underlying offense.

The case was tried to a jury on June 27, 2002, and the jury found Peoples guilty of aggravated murder and the two firearm specifications. The court sentenced Peoples to a term of 25 years to life imprisonment on the aggravated murder charge, plus 6 years for [the] R.C. 2941.146 firearm specification, and three years on the R.C. 2941.145 firearm specification, for a total of 34 years. The trial court imposed consecutive sentences on the counts.

The conviction and sentence were affirmed on appeal. *See State v. Peoples*, 10th Dist. No. 02AP-925, 2003-Ohio-4680.

On April 16, 2008, the trial court issued a corrected judgment entry because the original judgment entry erroneously indicated that prison was not mandatory. In the corrected judgment entry, the court imposed the same sentence, including a six-year sentence for the drive-by firearm specification.

*State v. Peoples*, 10th Dist. No. 18AP-850, 2019-Ohio-2141, ¶ 2-5.

{¶ 3}   The 2008 corrected judgment entry also added the life tail for Peoples' aggravated murder count of 25 years to reflect what the trial judge had imposed at the 2002 sentencing hearing.  Following the 2008 corrected judgment entry, Peoples continued to file various pleadings challenging his sentence.

[O]n March 20, 2017, Peoples filed a motion to vacate his sentence, arguing that the trial court improperly imposed a period of post-release control on his aggravated murder conviction. The court denied that motion on April 6, 2017. Peoples then filed another motion on June 26, 2017, requesting to amend his March motion, which had already been denied. Peoples sought to amend the motion to argue that the six-year term for the drive-by specification was invalid. In its response to the motion to amend, the state agreed that the drive-by specification, R.C. 2941.146, mandated a five-year term, not a six-year term. On August 3, 2017, the trial court denied the motion.

Peoples filed a motion to vacate void sentence on August 7, 2017, again arguing that the six-year term imposed for the drive-by specification was void. Peoples filed a supplemental memorandum in support of this motion on September 1, 2017.

On October 10, 2018, the trial court denied the motion.

*Id.* at ¶ 6-8.

{¶ 4}  Peoples appealed the trial court's October 10, 2018 decision denying his motion to vacate a void sentence for the six-year term imposed for the drive-by firearm specification.  This court agreed with Peoples that the imposed prison term was unlawful and not in accordance with R.C. 2941.146 and 2929.14(B)(1)(c)(i) and was therefore void.  This court reversed the trial court's judgment and remanded the matter for further proceedings regarding the drive-by firearm specification.  *Peoples* at ¶ 15.

{¶ 5}  On May 12, 2023, Peoples filed a motion for resentencing, pursuant to Crim.R. 43(A), wherein he argues that he should have been allowed the opportunity to be present in 2008 when the trial court issued a corrected judgment entry.  On May 30, 2023, the trial court denied Peoples' motion.  Peoples now appeals.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}  Peoples argues the following assignments of error:

> (1) Did the trial court err failing to have defendant present when it changed defendant's sentence to a life sentence after only sentencing defendant to 25 years without the life tail[?]
>
> (2) Did the trial court err by not holding a resentencing hearing before filing the "Corrected Entry" and, as a consequence, when it overruled appellant's motion for a resentencing hearing, [p]ursuant to Crim.[R.] 43(A)[?]

## III.  ANALYSIS

{¶ 7}  For ease of discussion, we consider Peoples' assignments of error together as challenging the trial court's 2008 corrected judgment entry.  Peoples, in his appeal to this court, asserts that the trial court improperly changed his sentence on the aggravated murder charge from 25 years to 25 years to life imprisonment in its 2008 corrected judgment entry.  We do not agree.

{¶ 8}  Under Crim.R. 36, courts may correct errors in their judgments.  The rule states: "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."  *Id.*  A court may correct by a nunc pro tunc order a judicial entry that contains error in the

recording of a court's decision. *State v. Nye*, 10th Dist. No. 95APA11-1490, 1996 Ohio App. LEXIS 2314 (June 4, 1996). We note that these orders may only correct errors that are clerical and that do not involve any legal determinations. *Warren v. Warren*, 10th Dist. No. 09AP-101, 2009-Ohio-6567, ¶ 7, 11; *State v. Brown*, 10th Dist. No. 08AP-747, 2009-Ohio-1805, ¶ 8. An entry corrected by a nunc pro tunc order must reflect what the court had actually decided, not what the court might or should have decided. *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, ¶ 14.

{¶ 9} Here, the court's 2008 corrected judgment entry reflects what the court imposed at sentencing in 2002 for the aggravated murder count. The trial judge stated that he was sentencing Peoples to "a minimum of 25 full years of incarceration *to life* in prison" for the aggravated murder charge. (Emphasis added.) (July 31, 2002 Tr. at 8.) We therefore find no abuse of discretion in the trial court issuing the 2008 corrected judgment entry nunc pro tunc to reflect the sentence imposed in 2002 without holding a resentencing hearing.

{¶ 10} We also note that Peoples' challenge to the 2008 corrected judgment entry in his May 2023 motion for resentencing is barred by res judicata. "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37, and *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). "Res judicata applies to bar raising piecemeal claims in successive motions filed after the defendant is convicted." (Internal citations and quotations omitted.) *State v. Battin*, 10th Dist. No. 18AP-888, 2019-Ohio-2195, ¶ 13. "Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Saxon* at ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925).

{¶ 11} Peoples had an opportunity to appeal the original judgment entry, and the 2008 judgment entry, but did neither. He is now barred from raising claims that could have been offered on direct appeal. Accordingly, we overrule both of Peoples' assignments of error.

## IV. CONCLUSION

{¶ 12} For the reasons stated above, we overrule Peoples' two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.

———————————