[Cite as *State v. Peoples*, 2024-Ohio-5381.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-254 |
| v. | : | (C.P.C. No. 01CR-4150) |
| David A. Peoples, | : | (ACCELLERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 12, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *David A. Peoples*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, David A. Peoples, appeals the Franklin County Court of Common Pleas' decision and entry denying Peoples's motion for leave for a new trial. For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} We have previously recounted the history of this case as follows:

"On July 20, 2001, Peoples was indicted on one count of aggravated murder, in violation of R.C. 2903.01, a felony in the first degree, with two firearm specifications in violation of R.C. 2941.145 and 2941.146, and one count of having a weapon while under disability. With respect to the first firearm specification, R.C. 2941.145, Plaintiff-appellee, State of Ohio, alleged that Peoples displayed, brandished, indicated possession of, or used a firearm to commit the offense. With respect to the second firearm specification, R.C. 2941.146, the

state alleged that Peoples discharged a firearm from a motor vehicle when he committed the underlying offense.

The case was tried to a jury on June 27, 2002, and the jury found Peoples guilty of aggravated murder and the two firearm specifications. The court sentenced Peoples to a term of 25 years to life imprisonment on the aggravated murder charge, plus 6 years for [the] R.C. 2941.146 firearm specification, and three years on the R.C. 2941.145 firearm specification, for a total of 34 years. The trial court imposed consecutive sentences on the counts.

The conviction and sentence were affirmed on appeal. *See State v. Peoples*, 10th Dist. No. 02AP-925, 2003-Ohio-4680.

On April 16, 2008, the trial court issued a corrected judgment entry because the original judgment entry erroneously indicated that prison was not mandatory. In the corrected judgment entry, the court imposed the same sentence, including a six-year sentence for the drive-by firearm specification."

*State v. Peoples*, 10th Dist. No. 18AP-850, 2019-Ohio-2141, ¶ 2-5.

The 2008 corrected judgment entry also added the life tail for Peoples'[s] aggravated murder count of 25 years to reflect what the trial judge had imposed at the 2002 sentencing hearing. Following the 2008 corrected judgment entry, Peoples continued to file various pleadings challenging his sentence.

"[O]n March 20, 2017, Peoples filed a motion to vacate his sentence, arguing that the trial court improperly imposed a period of post-release control on his aggravated murder conviction. The court denied that motion on April 6, 2017. Peoples then filed another motion on June 26, 2017, requesting to amend his March motion, which had already been denied. Peoples sought to amend the motion to argue that the six-year term for the drive-by specification was invalid. In its response to the motion to amend, the state agreed that the drive-by specification, R.C. 2941.146, mandated a five-year term, not a six-year term. On August 3, 2017, the trial court denied the motion.

Peoples filed a motion to vacate void sentence on August 7, 2017, again arguing that the six-year term imposed for the drive-by specification was void. Peoples filed a supplemental memorandum in support of this motion on September 1, 2017.

On October 10, 2018, the trial court denied the motion."

*Id.* at ¶ 6-8.

> Peoples appealed the trial court's October 10, 2018 decision denying his motion to vacate a void sentence for the six-year term imposed for the drive-by firearm specification. This court agreed with Peoples that the imposed prison term was unlawful and not in accordance with R.C. 2941.146 and 2929.14(B)(1)(c)(i) and was therefore void. This court reversed the trial court's judgment and remanded the matter for further proceedings regarding the drive-by firearm specification. *Peoples* at ¶ 15.
>
> On May 12, 2023, Peoples filed a motion for resentencing, pursuant to Crim.R. 43(A), wherein he argue[d] that he should have been allowed the opportunity to be present in 2008 when the trial court issued a corrected judgment entry. On May 30, 2023, the trial court denied Peoples'[s] motion.

*State v. Peoples*, 10th Dist. No. 23AP-374, 2024-Ohio-1220, ¶ 2-5.

**{¶ 3}** This court affirmed the trial court's decision denying Peoples's motion for resentencing. *Id*. at ¶ 12. On February 2, 2024, Peoples filed a motion for leave for a new trial, pursuant to Crim.R. 33, arguing ineffective assistance of counsel. On March 12, 2024, the trial court denied his motion. Peoples now appeals that denial.

## II. ASSIGNMENT OF ERROR

**{¶ 4}** Peoples argues one assignment of error: "did the trial court lose its jurisdiction when it failed to hold a hearing pursuant to State [v.] Bethel, 167 Ohio St.3d 362, 2022-Ohio-783." (Appellant's Brief at 1.)

## III.  STANDARD OF REVIEW

**{¶ 5}** We review a trial court's decision to deny a motion for leave to file a motion for a new trial under an abuse of discretion analysis. *State v. Hill*, 10th Dist. No. 22AP-576, 2023-Ohio-1954, ¶ 15, citing *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, ¶ 13. Abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *See, e.g., State v. Brown*, 10th Dist. No. 22AP-38, 2022-Ohio-4073, ¶ 19, citing *State v. Angel*, 10th Dist. No. 19AP-771, 2021-Ohio-4322, ¶ 68, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV.  LEGAL ANALYSIS

**{¶ 6}** In his assignment of error, Peoples argues that the trial court erred by failing to hold a hearing on his motion for leave for a new trial. We do not agree.

**{¶ 7}** "A trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a delayed motion for new trial is * * * discretionary." *State v.*

*Dodson*, 10th Dist. No. 22AP-388, 2023-Ohio-701, ¶ 14, citing *State v. Hoover-Moore*, 10th Dist. No. 14AP-1049, 2015-Ohio-4863, ¶ 14. In this respect, " '[a] criminal defendant "is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue." ' " *Id.*, quoting *State v. Ambartsoumov*, 10th Dist. No. 12AP-878, 2013-Ohio-3011, ¶ 13, quoting *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 54, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 7 (2d Dist.).

**{¶ 8}** Under Crim.R. 33(B), "when a new-trial motion is premised on newly discovered evidence, the defendant must file the motion within 120 days of the date of the jury's verdict." *McNeal* at ¶ 15. However, "Crim.R. 33(B) excuses a defendant's failure to move for a new trial within the * * * 120-day deadline * * * if the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from discovering the evidence on which the motion would be based within that time." *Id.* at ¶ 16. A defendant is unavoidably prevented from discovering new evidence if he "had no knowledge of the existence of the new evidence and, in the exercise of reasonable diligence, could not have learned of its existence within the time prescribed for filing a motion for new trial." *State v. Lundy*, 10th Dist. No. 19AP-505, 2020-Ohio-1585, ¶ 11.

**{¶ 9}** Upon examination of Peoples's motion, we do not find an abuse of discretion by the trial court. Peoples's motion focuses on his claim of ineffective assistance of counsel, namely the alleged mistakes of his counsel at trial and on appeal. However, when a defendant seeks leave to file a delayed motion for a new trial under Crim.R. 33(B), "the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 30, citing *Bethel* at ¶ 41, citing *State v. Brown*, 8th Dist. No. 95253, 2011-Ohio-1080, ¶ 14. "The *sole* question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." (Emphasis added.) *Id.* Peoples's motion does not show, through clear and convincing proof, that he was unavoidably prevented from discovering the facts upon which he bases his ineffective assistance argument within the time frame for filing a timely motion for a

new trial.  We also note that Peoples's motion was well beyond the 120-day deadline. Peoples's trial was on June 27, 2002, he was found guilty on July 5, 2002, and the trial court sentenced him on July 31, 2002.  On August 28, 2002, Peoples appealed his conviction, but it wasn't until February 2, 2024 that Peoples filed his motion for leave for a new trial.  We accordingly overrule Peoples's sole assignment of error.

**V. CONCLUSION**

{¶ 10}  For the reasons stated above, we overrule Peoples's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and LELAND, JJ., concur.

_____