[Cite as *State v. Dodson*, 2023-Ohio-701.]

IN THE COURT OF APPEALS OF OHIO

TENKTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-388 |
| v. | : | (C.P.C. No. 90CR-5725) |
| Ricardo Dodson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 7, 2023

**On brief:** *Janet A. Grubb,* First Assistant Prosecuting Attorney, and *Taylor M. Mick*, for appellee.

**On brief:** *Ricardo Dodson,* pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, P.J.

{¶ 1}  Defendant-appellant, Ricardo Dodson, appeals from the June 9, 2022 entry denying defendant's motion for leave to file a delayed motion for new trial and entry denying defendant's motion for an order directing prosecution to provide a complete copy of its file to the court.  (June 9, 2022 Jgmt. Entry.)  For the reasons that follow, we affirm the judgment of the trial court.

## I.  Facts and Procedural History

{¶ 2}  In April 1991, Dodson was convicted of kidnapping, rape, and attempted rape in Franklin C.P. No. 90CR-5678B and kidnapping and rape in Franklin C.P. No. 90CR-5725.  The cases involved separate incidents in 1990 with different victims. In October 1991, we affirmed Dodson's convictions after considering seven assignments of error in his direct appeals in both cases.  *State v. Dodson*, 10th Dist. No. 91AP-411, 1991

Ohio App. LEXIS 5172 (Oct. 24, 1991) (direct appeal in case No. 90CR-5678B); *State v. Dodson*, 10th Dist. No. 91AP-498, 1991 Ohio App. LEXIS 5264 (Oct. 31, 1991) (direct appeal in case No. 90CR-5725).

{¶ 3} In the years following his convictions, this court has addressed Dodson's cases numerous times in various contexts, beginning with Dodson's motion for delayed reconsideration of his direct appeal in case No. 90CR-5678B. After reviewing that motion, we found no merit for appellant's numerous assertions of defense counsel error, including an allegation that the trial court "misread" the jury verdict, and we ultimately determined Dodson received a fair trial and excellent representation at all stages of the proceedings. *See State v. Dodson*, 10th Dist. No. 91AP-411, 1993 Ohio App. LEXIS 6538 (Sept. 7, 1993).

{¶ 4} After his direct appeals, this court considered Dodson's appeal challenging his designation as a sexual predator and his appeal of the trial court's denial of his motion for an execution of a death warrant. *See State v. Dodson*, 10th Dist. No. 02AP-141, 2002-Ohio-4771 (affirming trial court judgment finding Dodson to be a sexual predator under R.C. 2950.09); *State v. Dodson*, 10th Dist. No. 03AP-306, 2004-Ohio-581 (affirming trial court judgment denying Dodson's Civ.R. 60(B) motion for relief from judgment pertaining to sexual predator designation); *State v. Dodson*, 10th Dist. No. 12AP-801 (May 7, 2013) (memorandum decision) (affirming trial court judgment denying Dodson's motion for execution of a death warrant).

{¶ 5} Most recently, we considered Dodson's motion for delayed appeal of an August 27, 2021 decision and entry of the Franklin County Court of Common Pleas denying his motion to correct his 1991 judgment-sentencing entries and motion for resentencing, and his motion requesting this court exercise jurisdiction to determine whether the sentencing entries are void, both of which we denied after review. *See State v. Dodson*, 10th Dist. No. 21AP-554 (Feb. 17, 2022) (memorandum decision). Subsequently, we denied Dodson's application for reconsideration of that decision in *State v. Dodson*, 10th Dist. No. 21AP-554. *See State v. Dodson*, 10th Dist. No. 21AP-554 (Aug. 18, 2022) (memorandum decision).

{¶ 6} Dodson's latest appeal stems from case No. 90CR-5725, wherein he was convicted of one count of rape and one count of kidnapping. *See State v. Dodson*, 10th

Dist. No. 91AP-498, 1991 Ohio App. LEXIS 5264 (Oct. 31, 1991).  As previously noted, on direct appeal, we affirmed the convictions.  *See id.*  We reiterate the facts as set forth in that decision and incorporate them by reference as follows:

> The alleged victim testified that she was approached by defendant on the afternoon of October 17, 1990. Appellant was a casual acquaintance and she agreed to accompany him to his apartment to talk. She stated that, shortly after she entered the apartment, appellant removed his clothing and required her to remove her clothing and that he forced her to submit to rape. After the rape was over, appellant allowed her to leave the apartment and she returned to her home where she told her husband about the episode and a report was made to the police. She accompanied the police to the area where she identified the apartment. She submitted to a physical examination, showing that there was sperm on her blue jeans. She had some tenderness in the vaginal area, which was equally consistent with consensual as with nonconsensual intercourse.

> The defense was that the intercourse occurred but that it was consensual. Appellant's roommate testified that he was in the bedroom when he heard "love sounds." He opened the door and watched the intercourse for about three to five minutes. He said that it did not look like rape to him. He asked appellant if he could join in and appellant said no and told him to return to the bedroom. Appellant did not testify.

> The sole issue was whether the intercourse between appellant and the alleged victim was consensual. The victim testified that she accompanied appellant to his apartment to talk and that she was forced to engage in sexual intercourse beyond her will.

*Dodson*, 1991 Ohio App. LEXIS 5264, *2-3.

{¶ 7} The procedural history relevant to Dodson's current appeal is as follows.  On September 1, 2021, Dodson filed two motions, the first of which was a "motion for order for leave to file delayed motion for new trial based on new evidence when timely discovery was unavoidably prevented[.]"  In this motion, Dodson asserted that from discovery conducted in a federal lawsuit[1] he had initiated, he learned that the victim in the instant

---

[1] In the federal lawsuit, *Dodson v. Mohr*, Case No. 2:18-cv-908, 2021 U.S. Dist. LEXIS 138303, 2021 WL 3169153 (S.D. Ohio, July 26, 2021), the district court granted summary judgment in favor of the ODRC, former ODRC Director Gary Mohr, Chrystal P. Alexander of the Office of Victim Services, Ohio Adult Parole Authority (OAPA) Chairperson Tracy Thalheimer, and eight other members of the OAPA who were on the Ohio Parole Board (OPB) at the time of his parole hearings.  On appeal, the Sixth Circuit affirmed, finding that [1] the OPB

case had been diagnosed with an intellectual disability. Dodson further asserted that in 2017, he had received a letter from the victim wherein she stated, "she is a secret admirer of the defendants."[2] (Mot. at 1.)

{¶ 8} The second motion filed by Dodson was titled "Defendant's for (sic) an order directing that a complete copy of the prosecutor's file be made and turned over to the court for review and to be sealed for appellate review, if necessary." Dodson asserted this motion was "corollary to these other motions, designed to search for evidence relating to the mental retardation[3] of the victim that was not disclosed." (Mot. at 35.)

{¶ 9} On June 9, 2022, the trial court issued an entry denying both of Dodson's motions without holding a hearing. (June 9, 2022 Entry.) In denying the motion for leave to file delayed motion for new trial, the trial court found Dodson "was not unavoidably prevented from discovering evidence related to the victim's intellectual disability, even assuming that such evidence existed at the time of trial in this matter, because the victim testified and was subject to cross-examination at trial." *Id.* at 3. The trial court also found that Dodson failed to file his motion for leave within a reasonable period of time after discovering the alleged new evidence. *Id.* at 4-5.

{¶ 10} In denying the motion for an in camera inspection of the prosecution's file, the trial court found Dodson's assertions in support of his motion "constitutes speculation, at best, that the prosecutor's file may contain evidence which would have been material to his defense at trial." *Id.* at 5. The trial court concluded that Dodson had not established a plausible showing that the prosecutor's file contained material evidence that was not disclosed pursuant to his pre-trial requests for such information, and thus

---

did not violate appellant's due process rights under the Fourteenth Amendment because the procedures used in appellant's parole hearing were sufficient to comport with due process. While appellant alleged that the OPB concealed the actual grounds upon which it denied him parole, he presented no evidence showing that the OPB was less than candid with him as to its stated reasons for denying him parole; and [2]- the District Court properly granted summary judgment in favor of the OPB members on appellant's due process claim because appellant failed to produce evidence that his parole records contained any false information, let alone false information of a substantive nature.

[2] We note that this characterization is inaccurate as the letter allegedly written by the victim only states "I'm Secret admire." (sic), with no reference whatsoever to appellant or any "defendants."

[3] The court is cognizant that, although Dodson repeatedly uses the outdated term "mental retardation" in his filings, the preferred term now is "intellectual disability." Therefore, we will utilize the preferred term unless it is necessary to use the outdated term in a direct quote.

had not met his burden to establish a *Brady* [*v. Mayland,* 373 U.S. 83 (1963)] claim. *Id.* at 6.

{¶ 11} Dodson's timely appeal from the June 9, 2022 entry is now before us.

## II. Assignments of Error

{¶ 12} Appellant asserts the following assignments of error for our review:

> [1.] The Trial Court Grossly Abused Its Discretion, Violated Appellant's Due Process and Equal Protection Rights Under the United States and Ohio Constitution, and Thus Ruled Contrary to Clearly Established Ohio Supreme Court Precedent Set Forth in State v. Bethel, 2022-Ohio-783 (Ohio March 22, 2022) When It Denied The Motion for Leave to File Delayed Motion for New Trial Based Upon the Finding That Appellant Failed to File The Motion for Leave Within a Reasonable Time After the Discovery of the New Evidence Relating To The Victim's Intellectual Disability and the Letter from the Victim Stating that She is a secret Admirer of Appellant.

> [2.] The Trial Court Grossly Abused Its Discretion, Violated Appellant's Due Process and Equal Protection Rights Under the United States and Ohio Constitution, and Thus Ruled Contrary to Clearly Established Ohio Supreme Court Precedent Set Forth in State v. Bethel, 2022-Ohio-783 (Ohio March 22, 2022), By Concluding That Appellant Was Not Unavoidably Prevented from Discovering The Evidence of the Victim's Intellectual Disability Because Appellant Could Have Discovered this Evidence Through Cross-Examination of the Victim During Trial.

> [3.] The Trial Court Grossly Abused Its Discretion, Violated Appellant's Due Process and Equal Protection Rights Under the United States and Ohio Constitution, and Thus Ruled Contrary to Clearly Established Ohio Supreme Court Precedent Set Forth in State v. Bethel, 2022-Ohio-783 (Ohio March 22, 2022) and Clearly Established State Law in Statute By Concluding That Appellant Was Not Unavoidably Prevented from Discovering The Information Contained in the Letter Sent By the Victim to the Appellant in Prison Because Appellant Could Have Discovered this Information Through Cross-Examination of the Victim During Trial.

> [4.] The Trial Court erred to the prejudice of Appellant when it denied the motion to have a complete copy of the Prosecutor's file turned over to the court and sealed for appellate review, by using an incorrect standard of review set forth by the United

States Supreme Court, in violation of the rights under the Fifth, Sixth and Fourteenth Amendment to the United States Constitution and the corresponding provision of the Ohio Constitution.

[5.] Trial Court erred and denied Appellant due process of law under the Ohio and U.S. Constitutions when he was denied a hearing on his motion for leave to file a motion for new trial pursuant to Crim.R. 33 when the record and circumstance supported appellant's claim that he was unavoidably prevented from discovering the new evidence.

[6.] The Trial Court erred in holding that Appellant failed to demonstrate a Brady violation relating the evidence of the victims mental disability.

(Sic passim.)

## III. Discussion

### A. Assignments of Error One, Two, Three and Five–Denial of Motion for Leave to File Delayed Motion for New Trial Without Holding a Hearing

{¶ 13} Appellant's first, second, third and fifth assignments of error all pertain to the trial court's denial of his motion for leave to file a delayed motion for new trial without holding a hearing; therefore, we address them together.

{¶ 14} In reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial, an appellate court applies an abuse of discretion standard. *State v. McNeal*, ____Ohio St.3d___, 2022-Ohio-2703, ¶ 13. A trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a delayed motion for new trial is also discretionary. *State v. Hoover-Moore*, 10th Dist. No. 14AP-1049, 2015-Ohio-4863, ¶ 14, citing *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 54. "A criminal defendant 'is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue.' " *State v. Ambartsoumov*, 10th Dist. No. 12AP-878, 2013-Ohio-3011, ¶ 13, quoting *Cleveland* at ¶ 54, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 7 (2d Dist.).

{¶ 15} Appellant filed his motion for new trial pursuant to Crim.R. 33(A)(6), which provides that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and

produced at the trial." " ' " 'Newly discovered evidence' is 'evidence of facts in existence at the time of trial of which the party seeking a new trial was justifiably ignorant.' " ' " *State v. Wilson*, 10th Dist. No. 20AP-556, 2021-Ohio-3046, ¶ 12, quoting *State v. Gaven*, 10th Dist. No. 16AP-645, 2017-Ohio-5524, ¶ 14, quoting *State v. Holzapfel*, 10th Dist. No. 10AP-17, 2010-Ohio-2856, ¶ 20, quoting *State v. Love*, 1st Dist. No. C-050131, 2006-Ohio-6158, ¶ 43.

{¶ 16} Under Crim.R. 33(B), "when a new-trial motion is premised on newly discovered evidence, the defendant must file the motion within 120 days of the date of the jury's verdict." *McNeal* at ¶ 15. However, "Crim.R. 33(B) excuses a defendant's failure to move for a new trial within the * * * 120-day deadline * * * if the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from discovering the evidence on which the motion would be based within that time." *Id.* at ¶ 16. A defendant is unavoidably prevented from discovering new evidence if he "had no knowledge of the existence of the new evidence and, in the exercise of reasonable diligence, could not have learned of its existence within the time prescribed for filing a motion for new trial." *State v. Lundy*, 10th Dist. No. 19AP-505, 2020-Ohio-1585, ¶ 11. Further, "a defendant may satisfy the 'unavoidably prevented' requirement contained in Crim.R. 33(B) by establishing that the prosecution suppressed the evidence on which the defendant would rely in seeking a new trial." *McNeal* at ¶ 17, citing *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, ¶ 25, 59.

{¶ 17} When a defendant seeks leave to file a delayed motion for a new trial under Crim.R. 33(B), "the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *State v. Hatton*, ____ Ohio St.3d ____, 2022-Ohio-3991, ¶ 30, citing *Bethel* at ¶ 41, citing *State v. Brown*, 8th Dist. No. 95253, 2011-Ohio-1080, ¶ 14. "The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Id.*

{¶ 18} In his first assignment of error, appellant asserts that it was error for the trial court to deny his motion for leave to file a delayed motion for a new trial based upon the finding that appellant failed to file the motion for leave within a reasonable time after the

discovery of the purported new evidence. The state concedes, and we agree, that this assignment of error must be sustained on the authority of the Supreme Court of Ohio decision of *Bethel*, which was issued after appellant filed his motion but before the trial court rendered its June 9, 2022 judgment entry. In *Bethel*, the Supreme Court implicitly overruled previous appellate cases that had required that a motion for leave to file a delayed motion for new trial be filed "within a reasonable time after the discovery of the new evidence," finding that no such timing requirement exists in Crim.R. 33(B). *Bethel* at ¶ 58. *See also, State v. McNeal*, ___Ohio St.3d___, 2022-Ohio-2703 (reaffirming *Bethel*, but decided after the trial court's June 9, 2022 judgment.)

{¶ 19} Accordingly, appellant's first assignment of error is sustained. However, we find such error is harmless based upon on the remainder of our discussion, as set forth below.

{¶ 20} In his second, third, and fifth assignments of error, appellant asserts, in essence, that the trial court abused its discretion in denying appellant's motion for leave to file a delayed motion for new trial without holding a hearing. We disagree.

{¶ 21} Appellant has presented two pieces of purported "new evidence" as the basis for his motion for leave: one, a letter allegedly written by the victim[4] that appellant claims he received in 2017 and which appellant asserts supports his original defense theory that the sexual relations between him and the victim was consensual; and two, the victim's alleged intellectual disability. As explained below, because appellant has failed to establish by clear and convincing proof that he was unavoidably prevented from discovering the information presented as "new evidence" on which he seeks to base the motion for a new trial, he has not met the requirements under Crim.R. 33(B) so as to be entitled to file a delayed motion for a new trial.

{¶ 22} As previously stated, a defendant is unavoidably prevented from discovering new evidence if he "had no knowledge of the existence of the new evidence and, *in the exercise of reasonable diligence*, could not have learned of its existence within the time

---

[4] Appellant has failed to provide an affidavit from the victim attesting that the letter appellant attached to his own affidavit is authentic and as required by Crim.R. 33(A)(6). Furthermore, even assuming the letter is authentic, we do not share appellant's view that the letter is exculpatory evidence. Nevertheless, as we may not consider the merits of appellant's proposed motion for a new trial unless and until the motion for leave to file such motion is granted as set forth in *Hatton* at ¶ 30, we refrain from expounding upon our impression regarding the contents of the letter any further.

prescribed for filing a motion for new trial." (Emphasis added.) *Lundy* at ¶ 11. Indeed, appellant had an obligation to exercise reasonable diligence to discover the alleged "new" evidence. *State v. Cashin*, 10th Dist. No. 17AP-338, 2017-Ohio-9289, ¶ 16. "Given the defendant's obligation to exercise reasonable diligence, the defendant cannot claim that evidence was undiscoverable simply because no one made efforts to obtain the evidence sooner." *Id.*, citing *State v. Graggs*, 10th Dist. No. 16AP-611, 2017-Ohio-4454, ¶ 15; *State v. Noor*, 10th Dist. No. 16AP-340, 2016-Ohio-7756, ¶ 17; *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 14. "In other words, a defendant cannot demonstrate that he was unavoidably prevented from discovering new evidence when he could have discovered that evidence earlier had he exercised reasonable diligence and effort." *Id.*, citing *State v. Lenoir*, 2d Dist. No. 26846, 2016-Ohio-4981, ¶ 24.

**{¶ 23}** Defendants and their trial counsel have a "duty to make a 'serious effort' of their own to discover potential favorable evidence." *Anderson* at ¶ 14, citing *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 15. "Bald assertions that appellant could not have timely discovered the evidence is not enough." *Id.* Granting a motion made pursuant to Crim.R. 33(B) when the defendant has not met his burden " 'would reward appellant for his failure to perform a proper pretrial investigation.' " *Golden* at ¶ 19, quoting *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 13.

**{¶ 24}** Here, appellant was not unavoidably prevented from discovering the state of mind of the victim at the time of the sexual relations between himself and the victim, and he was not unavoidably prevented from discovering that the victim may have been intellectually challenged. This is so because appellant had full opportunity—and indeed, as discussed above, an obligation—to learn of this evidence during discovery prior to trial.[5] Appellant does not explain any investigative actions taken before trial or within the 120-day time frame set forth in Crim.R. 33(B), and further fails to explain why he was unavoidably prevented from discovering the allegedly new evidence upon which he relies as the basis for his motion for leave. As discussed above, merely asserting that he could not

---

[5] We recognize that in denying appellant's motion for leave to file delayed motion for new trial, the trial court found Dodson "was not unavoidably prevented from discovering evidence related to the victim's intellectual disability, even assuming that such evidence existed at the time of trial in this matter, because the victim testified and was subject to cross-examination at trial." (June 9, 2022 Entry at 3.) Although we disagree with this specific point, such disagreement is of no import as we have determined alternative grounds for finding that appellant was not unavoidably prevented from discovering that the victim may have been intellectually challenged, as discussed herein.

have discovered the information he seeks to introduce as support for a new trial is not enough.

{¶ 25} Neither has appellant established that the prosecution suppressed the evidence on which the defendant would rely in seeking a new trial so as to satisfy the "unavoidably prevented" requirement contained in Crim R. 33(B). Appellant's conclusory statements to that effect are not enough.[6] Therefore, he cannot claim now that he was unavoidably prevented from discovering any of the above alleged new evidence.

{¶ 26} In short, appellant has failed to provide any proof whatsoever, let alone clear and convincing proof, that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial. Accordingly, the trial court did not abuse its discretion in denying the motion for leave to file a delayed motion for new trial without holding a hearing, and assignments of error two, three, and five are hereby overruled.

### B. Assignments of Error Four and Six–Denial of Motion for In Camera Review of State's File and Sealing for Appellate Review Based on Failure to Present Evidence Demonstrating *Brady* Violation

{¶ 27} Appellant's fourth and sixth assignments of error pertain to the trial court's denial of his motion for in camera review of the state's file and request for sealing pending appellate review based on appellant's alleged *Brady* violation premised on the victim's alleged intellectual disability. We therefore address these two assignments of error together.

{¶ 28} In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that the Fourteenth Amendment to the United States Constitution is violated where a state "withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment." *Smith v. Cain*, 565 U.S. 73, 75 (2012). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). A *Brady* violation involves the post-trial discovery of information that was known to the prosecution, but unknown to the defense. *United States v. Agurs*, 427 U.S. 97, 103 (1976); *State v. Wickline*, 50 Ohio

---

[6] *See also* our discussion pertaining to appellant's alleged *Brady* violation under assignments of error four and six.

St.3d 114, 116 (1990). *Brady* obligations apply to information within the actual possession of the prosecution and within the knowledge of "*others acting on the government's behalf.*" *State v. Sanders*, 92 Ohio St.3d 245, 261 (2001), quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

{¶ 29} "Evidence suppressed by the prosecution is 'material' within the meaning of *Brady only if there exists a 'reasonable probability' that the result of the trial would have been different* had the evidence been disclosed to the defense." (Emphasis added.) *State v. Moore*, 10th Dist. No. 11AP-1116, 2013-Ohio-3365, ¶ 43, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 27. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *State v. Lawson*, 64 Ohio St.3d 336, 343 (1992), quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985).

{¶ 30} Furthermore, the defendant "bears the burden of proving a *Brady* violation and consequent denial of due process." *Moore* at ¶ 43, citing *State v. Jackson*, 57 Ohio St.3d 29, 33 (1991). Importantly, "[a] *Brady* violation may not rest upon a claim that is 'purely speculative.' " *Id.*, quoting *State v. Hanna,* 95 Ohio St.3d 285, 296 (2002). " 'The *mere possibility* that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.' " (Emphasis sic.) *Lawson* at 343, quoting *Agurs*, 427 U.S. 97 at 109-110.

{¶ 31} Moreover, a trial court is not required to "conduct an in camera inspection of the prosecutor's file or order the file be sealed for appellate review any time the defendant so requests." *State v. Braun*, 8th Dist. No. 91131, 2009-Ohio-4875, ¶ 84. *See also, State v. Adams,* 11th Dist. No. 2000-T-0149, 2004-Ohio-3510, ¶ 30; *State v. Alexander,* 11th Dist. No. 93-T-4948, 1996 Ohio App. LEXIS 5418, *11. Indeed, where a defendant has made a general request for *Brady* material, due process does not mandate that a trial judge conduct an in camera inspection "to determine whether material held by the prosecution contains exculpatory evidence." *Lawson* at 343. Instead, a defendant must make "some plausible showing" in order to establish a "basis for his claim that [the prosecutor's file] contains material evidence." *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 (1987), fn. 15.

{¶ 32} In this case, appellant has failed to prove a *Brady* violation that rises to a violation of due process. First and foremost, appellant has failed to establish that any alleged intellectual disability of the victim was "known to the prosecution" prior to trial. The record shows that appellant was first denied release on parole in 2000. (Feb. 19, 2021, Report and Recommendations of Magistrate Judge Sharon L. Ovington, at 2.)[7] After that, he received a parole hearing every three years and was denied release on each occasion. *Id.* According to appellant's sworn affidavit, he received his complete parole file on September 22, 2017 during discovery in the federal case. (Dodson Aff. at ¶ 7.) Appellant asserts that upon review of his parole file, he discovered that part of the reason he was denied parole in 2009, 2012, and 2015 was because the victim was allegedly intellectually disabled. *Id.* at ¶ 8. Thus, both the record and appellant's filings indicate that the issue of the victim's alleged intellectual disability was raised for the first time in 2009—nearly 20 years after the trial which took place in 1991. Simply stated, appellant's filings fail to establish that the victim's alleged intellectual disability was known to *anyone*, including the prosecutor or the police prior to 2009.

{¶ 33} Nor are appellant's references in his sworn affidavit to several filings in appellant's federal case of aid to him in attempting to establish a *Brady* violation. Indeed, appellant has wholly misrepresented the statements in both the motion for summary judgment filed by the Ohio Attorney General and Magistrate Ovington's Report and Recommendations in that contrary to appellant's contentions, neither filing states that the prosecutor knew about the victim's alleged intellectual disability but chose not to prosecute appellant on that basis.

{¶ 34} Appellant has further failed to provide any evidence as to when or if the victim was actually diagnosed with an intellectual disability at the time of trial. Even if the victim had been diagnosed as being intellectually disabled prior to the trial in 1991, appellant has not established that the prosecutor's office or the police were "in possession" of any information relating to the victim's alleged diagnosis. Appellant has not presented any credible argument as to why he believes medical records unrelated to the victim's rape would have been "in the possession" of the prosecutor's office or the police. Nor has

---

[7] The court takes judicial notice of all pleadings, filings, and rulings in appellant's federal case that gave rise to appellant's claims in the instant matter. *See Dodson v. Mohr*, Case No. 2:18-cv-908, 2021 U.S. Dist. LEXIS 138303 (S.D. Ohio July 26, 2021).

appellant cited any authority establishing that the state had an affirmative duty to request the victim's unrelated medical records in search of any potential diagnoses that could have been used for impeachment purposes. *See State v. Braun*, 8th Dist. No. 91131, 2009-Ohio-4875, ¶ 77 (noting there was no case law supporting a defendant's argument that the state was required to delve into witnesses' medical records in search of potential *Brady* information).

**{¶ 35}** Furthermore, appellant's purely speculative assertions regarding the victim's alleged intellectual disability fail to establish that this information is material in any event. Appellant has not presented any evidence showing the severity of the victim's alleged intellectual disability or how it actually affects her. Instead, his filings contain unsupported generalizations about how he would have challenged the victim's competency as a witness for being of "unsound mind" or cross-examined her about how she could be "easily led" and would be "more prone to give false testimony." (Dodson Aff. at ¶ 17, 19.) In short, based on the information provided by appellant, his contention that the victim's intellectual disability would undermine her competency or otherwise impeach her credibility in any way is highly speculative at best. Therefore, appellant has failed to show that this information is material as required in order to establish a *Brady* violation.

**{¶ 36}** Finally, appellant has failed to establish any ground that would require the trial court to conduct an in camera review of the state's file and seal it for appellate review. More specifically, appellant has failed to make any plausible showing to establish his claims that the state's file contains material evidence as required by *Ritchie*, 480 U.S. 39, 58 (1987), fn. 15. As we have already determined, appellant has failed to present any evidence that suggests the state was aware of the victim's alleged intellectual disability at the time of appellant's trial in 1991. Likewise, we have already determined that appellant has failed to show that such information would be material in any event. Therefore, the trial court was not required to conduct an in camera inspection of the state's file, nor seal it for appellate review.

**{¶ 37}** Accordingly, based on the foregoing discussion, we overrule appellant's fourth and sixth assignments of error.

## IV. Disposition

{¶ 38} Based on all of the foregoing, appellant's first assignment of error is sustained, but found to be harmless; and appellant's second, third, fourth, fifth, and sixth assignments of error are overruled; and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and MENTEL, JJ., concur.