[Cite as *State ex rel. Dodson v. Gray*, 2024-Ohio-2766.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO EX REL. RICARDO DODSON,

Petitioner,

v.

DAVID GRAY, WARDEN,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 BE 0054

---

Writ of Habeas Corpus

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Dave Yost*, Attorney General, *Atty. Stephanie L. Watson,* Principal Assistant Attorney General, for Respondent and

Ricardo Dodson, *pro se.*

**Dated:** July 19, 2024

**PER CURIAM.**

{¶1}   Petitioner Ricardo Dodson, proceeding pro se, has filed this original action with a complaint for a writ of habeas corpus seeking his immediate release from the Belmont Correctional Institution in St. Clairsville, Ohio.  The petition names the warden, David Gray, as respondent.  Dodson contends the trial court lacked jurisdiction because the jury never found him guilty, that the language in the sentencing entry ordering that the sentences be served consecutively was ambiguous, and that his maximum sentence has expired.  The warden has filed a Civ.R. 12(B)(6) motion to dismiss, arguing that Dodson's claims are not cognizable in a habeas corpus action because he had an adequate alternative legal remedy and that he has not demonstrated that his maximum sentence has expired.  The warden also alleges that Dodson's failure to comply with R.C. 2969.25(C)'s filing requirements for inmates seeking a waiver of the prepayment of the full filing fees mandates dismissal.  Because Dodson included the filing fee with his complaint, R.C. 2969.25(C) does not apply to this action.  However, because the claims raised in Dodson's complaint are not cognizable in habeas corpus we grant the warden's motion to dismiss and dismiss this action accordingly.

A. Facts & Procedural History

1. 90CR-5678B

{¶2}   Dodson's imprisonment arises from two separate convictions in Franklin County.  On the night of September 7, 1990, Dodson, along with another man, forcefully abducted a woman from outside the nightclub where she was employed, while she was disposing of trash.  They forcibly took her to an abandoned building nearby, where they subjected her to repeated sexual assaults over a span of 12 hours.  During the trial, the victim recounted a moment when Dodson attempted to make her swallow a pill, claimed to be Valium, which she managed to conceal and spit out later.  Additionally, she testified that Dodson threatened her life multiple times.  Purportedly fearing that Dodson might actually follow through on his threats to kill the victim, the accomplice eventually assisted her in escaping.

{¶3}   A Franklin County Grand Jury indicted Dodson on three counts of rape in violation of R.C. 2907.02, one count of attempted rape in violation of R.C. 2923.02, and one count of kidnapping in violation of R.C. 2905.01.  On March 18, 1991, a jury returned a guilty verdict on all counts of the indictment.  The trial court sentenced Dodson to 10-25 years in prison for each of the three counts of rape and 8-15 years in prison for each of the remaining counts of attempted rape and kidnapping.  The Tenth District Court of Appeals affirmed his convictions on direct appeal. *State v. Dodson*, 1991 WL 227806 (10th Dist. Oct. 24, 1991).

2. 90CR-5725

{¶4}   A little more than a month after the first attack, on October 17, 1990, Dodson committed a second offense.  This time, the victim, who knew Dodson casually, reported that he approached her and invited her to his apartment for a conversation.  Shortly after they arrived, Dodson undressed and coerced her into removing her clothes before raping her.  Following the assault, the victim went back to her home, shared the details of the attack with her husband, and then reported the incident to the police.  Dodson acknowledged that sexual intercourse took place but claimed it was with her consent.  In support of his claim, Dodson's roommate also provided testimony.

{¶5}   A Franklin County Grand Jury indicted Dodson on one count of rape and one count of kidnapping.  On April 10, 1991, a jury found Dodson guilty on both counts.  The trial court merged the two counts and sentenced Dodson to 10-25 years in prison consecutive to the sentence he was already serving.  The Tenth District affirmed Dodson's convictions. *State v. Dodson*, 1991 WL 227804 (10th Dist. Ot 31, 1991).

{¶6}   In the years following his convictions, Dodson has continually made several legal challenges in the Ohio court system, all of which have been rejected, affirming the judgments against him, including his designation as a sexual predator and denying motions for relief or new trials. *See*, *e.g.*, *State v. Dodson*, 2002-Ohio-4771 (10th Dist.) (affirming trial court judgment finding Dodson to be a sexual predator under R.C. 2950.09); *State v. Dodson*, 2004-Ohio- 581 (10th Dist.) (affirming trial court judgment denying Dodson's Civ.R. 60(B) motion for relief from judgment pertaining to sexual predator designation); *State v. Dodson*, 2023-Ohio-701 (10th Dist.) (affirming denial of his motion for leave to file a delayed motion for new trial); *State ex rel. Dodson v. Ohio*

*Dept. of Rehab. & Corr.*, 2022-Ohio-2552 (10th Dist.) (denying writ of prohibition and a writ of mandamus against respondents). Relevant to the claims he is raising in this original action for a writ of habeas corpus, he unsuccessfully filed a motion for delayed reconsideration of his direct appeal in case No. 90CR-5678B, complaining he received an unfair trial and ineffective counsel when the trial court "misread" the jury verdict. *State v. Dodson*, 1993 WL 367178 (10th Dist. Sept. 7, 1993). The Tenth District has consistently found Dodson's numerous challenges to be without merit, affirming that he was afforded a fair trial and effective representation throughout all stages of the proceedings.

## II. APPLICABLE LAW

### A. Mandamus

{¶7} This court is vested with original jurisdiction over a petition for a writ of habeas corpus pursuant to Article IV, Section 3(B)(1)(c) of the Ohio Constitution and R.C. 2725.02. R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." To receive a writ of habeas corpus, a petitioner must show he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon*, 2018-Ohio-4184, ¶ 10. Ohio prescribes a basic, summary procedure for bringing a habeas corpus action. *Waites v. Gansheimer*, 2006-Ohio-4358, ¶ 8. That procedure is augmented by the Rules of Civil Procedure, which generally apply in original actions for extraordinary writs, including habeas corpus actions. *Brooks v. Kelly*, 2015-Ohio-2805, ¶ 6.

{¶8} First, application is by petition that contains certain information. R.C. 2725.04. Then, if the court decides the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and dismiss the petition. *Pegan v. Crawmer*, 73 Ohio St.3d 607, 608-609, (1995).

### B. Civ.R.12(B)(6) Motion to Dismiss

{¶9} The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. This is why

the movant may not rely on allegations or evidence outside the complaint. Civ.R. 12(B); *Id.* Here, dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Dodson's favor, it appears beyond doubt that he could prove no set of facts entitling him to a writ of habeas corpus and immediate release from prison. *Christian v. Davis*, 2023-Ohio-1445, ¶ 4.

### III. ANALYSIS

### A. R.C. 2969.25(C) Compliance

**{¶10}** The warden argues that Dodson's failure to comply with R.C. 2969.25(C) requires dismissal of this petition. R.C. 2969.25(C) applies when an inmate seeks a waiver of the prepayment of the court's full filing fees:

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

**{¶11}** Dodson responds that he was not required to comply with R.C. 2969.25(C) because he paid the filing fee. (Feb. 5, 2024 Pet'r Mem. Opp'n Resp't Mot. Dismiss at 18.) A review of the docket reflects that Dodson paid the full amount of the filing fee when he filed his complaint. Therefore, R.C. 2969.25(C) is inapplicable to this matter and the warden's argument in this regard is without merit.

### B. Ambiguity in Sentencing Entries

**{¶12}** The essence of Dodson's argument is that the alleged ambiguity in the sentencing order mandates that his sentences be interpreted as concurrent, which, if validated, could potentially entitle him to immediate release. This type of claim was specifically addressed and rejected by the Supreme Court of Ohio in *State ex rel. O'Neal*

Case No. 23 BE 0054

*v. Bunting*, 2014-Ohio-4037, *O'Neal* dealt with a habeas petitioner who argued that his sentencing entry was unclear about whether sentences were to be served concurrently or consecutively, echoing the core of the Dodson's complaint before us. The Court in *O'Neal* unequivocally held that sentencing errors, including ambiguities in sentencing entries, are not grounds for habeas corpus relief. *Id.* at ¶ 13. The Court also held that relief in habeas corpus was precluded because of the availability of other adequate remedies at law to raise that type of claim. *Id.* at ¶ 14. Given the Court's holding in *O'Neal*, it is clear that Dodson's argument, grounded in the alleged ambiguity of the sentencing entry's consecutive sentencing language and its purported effect on jurisdiction, is not cognizable in a habeas corpus proceeding.

### C. Amending Verdict Forms

{¶13} Dodson asserts that the jury announced in open court its verdict finding "Ricardo Jackson", not "Ricardo Dodson" guilty of all counts in the indictment. He maintains that at no time did the jury render a verdict finding Ricardo Dodson guilty of any counts in the indictment. According to Dodson, on March 18, 1991, the jury returned guilty verdicts on all counts against Ricardo Jackson and not Ricardo Dodson:

> The Court: Ladies and gentlemen, have you in fact reached a verdict?
>
> The Foreperson: Yes, we have.
>
> The Court: And are the verdict forms that you handed me, are these the verdicts in this case?
>
> The Foreperson: Yes, it is.
>
> The Court: The Defendant please stand.
>
> We, the jury, being First duly impaneled and sworn in this case, Find the Defendant, Ricard Jackson, guilty of Kidnapping as charged in count six of the indictment.
>
> Having found the Defendant guilty, we do further find that the Defendant did release the victim in a safe place unharmed.
>
> Signed by all twelve of the jurors.
>
> We, the jury being First duly impaneled and sworn, or excuse me, Count Seven, We the jury being duly impaneled and sworn this case, find

the Defendant, Ricardo Jackson, guilty of Attempted Rape charged in count Seven of the indictment.

Signed by all twelve of the jurors

We, the jury, being First duly impaneled and sworn in this case, find the Defendant, Ricardo Jackson, guilty of Rape as charged count nine of the indictment.

We, the jury, being First duly impaneled and sworn in this case, Do find the Defendant, Ricardo Jackson, guilty of Rape as charged in count ten of the indictment.

Signed by all twelve of the jurors

(Nov. 30, 2023 Verif. Compl. Writ Habeas Corpus at 4-5, citing Tr. at 465.)

**{¶14}** After the return of the jurors' verdicts, and after the affirmative vote was recorded, according to Dodson, his trial counsel then requested a polling of the jury verdicts:

The Court: Anything further on behalf of the Defendant, Mr. Kentner?

Mr. Kentner: Yes, I request a polling of the jury.

**{¶15}** The Court: Alright, Ladies and gentlemen of the jury, at this time on the Request of Counsel, I'm required by law to ask each of you if, in fact, the verdict that has been delivered here are your verdict in this case.

Mr. Pannell, do you concur in each of these verdicts?

Juror No. 1: Yes.

The Court: Ms. Shafared?

Juror No. 2: Yes.

The Court: Do you in fact concur in each of these verdicts?

Juror No. 2: Yes, I do.

The Court: Ms. Pennington, do you concur in each of these verdicts?

Juror No. 3: Yes, sir.

The Court: Ms. Carter, do you concur in each of these verdicts?

Jury No. 4: Yes, sir.

The Court: Ms. Stafford, do you concur in each of these verdicts?

Jury No. 5: Yes.

The Court: Ms. Newburgh, do you concur in each of these verdicts?

Juror No. 6: Yes, I do.

The Court: Mr. Wren, do you concur in each of these verdicts?

Juror No. 7: Yes, I do.

The Court: Mr. Johnson, do you concur in each of these verdicts?

Juror No. 8: I do.

The Court: Ms. Krumlaut, do you concur in each of these verdicts?

Juror No. 9: Yes, I do

The Court: Ms. Panovsky, do you concur in each of these verdicts?

Juror No. 10: Yes, I do.

The Court: Ms. Dils, do you concur in each of these verdicts?

Juror No. 11: Yes.

The Court: Mr. Covey, do you concur in each of these verdicts?

Juror No. 12: Yes, I do.

The Court: Anything further from the jury?

The Foreperson: No, your Honor.

The Court: At this time, the jury has concluded its duty. Thank you, and you are hereby dismissed. My Bailiff will escort you out.

(Nov. 30, 2023 Verif. Compl. Writ Habeas Corpus at 5-7, citing Tr. at 467-479.)

**{¶16}** Dodson contends that the trial court abused its discretion and committed prejudicial error when it, without jurisdiction, amended the jury's guilty verdict from "Ricardo Jackson" to "Ricardo Dodson". In the context of habeas corpus, the essential question is whether the petitioner's detention is lawful, not whether errors occurred during the trial or sentencing process. *Grove v. Maxwell*, 173 Ohio St. 559, 560, (1962); *Jackson v. Johnson*, 2013-Ohio-999, ¶ 4. Habeas corpus is a remedy of last resort, aimed at addressing situations where a person is held in custody without legal justification. It is not designed to function as an appellate procedure for reviewing trial errors, procedural missteps, or questions of judicial discretion.

**{¶17}** A writ of habeas corpus is available only when the sentencing court patently and unambiguously lacked subject matter jurisdiction. *Bell v. McConahay*, 2023-Ohio-693, ¶ 8. The writ is not available when the petitioner has an adequate remedy in the

ordinary course of law unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8. The claim by Dodson that the trial court amended the jury verdict forms from "Ricardo Jackson" to "Ricardo Dodson" does not implicate the subject matter jurisdiction of the trial court for the legality of his detention; rather, it challenges the procedural aspects of the trial.

**{¶18}** The essence of his claim deals with procedural fairness and judicial discretion, matters which have a remedy through direct appeal or post-conviction proceedings. *See State v. Leonard*, 2004-Ohio-6235, ¶ 123-129 (verdict form that mistakenly contained the word "Guilty" examined for prejudice and whether it denied the defendant a fair trial). Consequently, such a claim is not cognizable in habeas corpus, as it does not challenge the legality of the detention itself but rather the procedural conduct of the trial, which is presumed to be correct and subject to correction through other legal mechanisms.

**{¶19}** Moreover, Dodson raised this claim in the Tenth District Court of Appeals. The Tenth District affirmed Dodson's conviction on direct appeal in *State v. Dodson*, 1991 WL 227806 (10th Dist. Oct. 24, 1991) (direct appeal in case No. 90CR-5678B). Subsequently, Dodson filed a motion for delayed reconsideration of that appeal, arguing he received ineffective assistance of appellate counsel. In that motion, Dodson advanced the same claim is making here in his complaint for a writ of habeas corpus regarding the trial court amending the jury's guilty verdict form. The Tenth District held that "[a] trial judge's misreading of a jury verdict does not constitute amending a jury verdict, so no error occurred in that regard" and proceeded to overrule Dodson's motion for delayed reconsideration." *State v. Dodson*, 1993 WL 367178 (10th Dist. Sept. 7, 1993); *see also State v. Dodson*, 2023-Ohio-701, ¶ 3 (10th Dist.).

**{¶20}** The fact that a petitioner has already unsuccessfully invoked some of their alternate remedies does not entitle them to the requested extraordinary relief. *Drake v. Tyson-Parker*, 2004-Ohio-711, ¶ 5. Additionally, the Supreme Court of Ohio has long held that "[r]es judicata precludes a petitioner from using habeas corpus to gain successive appellate review of previously litigated issues." *State ex rel. Gibson v. Sloan*, 2016-Ohio-3422, ¶ 9.

## IV. CONCLUSION

**{¶21}** Accordingly, in consideration of the foregoing and upon consideration of the warden's motion to dismiss, IT IS ORDERED by the court that said motion be, and the same is hereby, GRANTED, that the writ be, and the same is hereby, DENIED, and that this original action be, and the same is hereby, DISMISSED. Any and all unresolved motions and filings not specifically addressed herein are hereby dismissed as moot.

**{¶22}** IT IS FURTHER ORDERED by the Court, pursuant to Civ.R. 8, that the Clerk of the Belmont County Court of Appeals shall immediately serve upon all parties, including unrepresented or self-represented parties, notice of this judgment and its date of entry upon the journal. Court costs of this action are assessed to Dodson.


**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**